IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD P. BOUSHELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>SGT. SMALLWOOD, et al.,<br><br>    Defendants. | CV F 05 0727 OWW  WMW P<br><br>ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT |

    Plaintiff is a former Kern County Jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the original complaint.  Plaintiff, formerly in the custody of the Kern County Sheriff's Department, brings this civil rights action against the following individual defendants employed by Kern County: Senior Jail Administrator Sergeant Sallee; Sergeant Smallwood; two unidentified detention officers.

    The claims in this action stem from a "raid" that occurred at the Kern County Detention Facility on April 9, 2005.  Specifically, Plaintiff alleges that Sgt. Smallwood lead a team on a raid on A pod.  Plaintiff claims that the two unidentified detention officers "beat me up" at the direction of Defendant Smallwood.  Plaintiff alleges that the following occurred during the "raid."

> The two young D/O immediately put a double wrist lock on me. And pushed shoved and placed me in handcuffs. I submitted to them. Going down the hall the two D/O one on each arm seemed to be going awfully fast, I could hardly keep up. My slippers were falling off. As I looked down the hall way I saw why they were going so fast. The fire doors were closed. The fire door has a stainless steel push handle in the middle about 36" off the floor. The two young D/O were not very big. 150-165 lb. respectively. The one on my right was about 165 lb. the one on my left about 150 lb. Sure enough. The rammed me head first through the closed fire doors. The action did two things. The handle cut and bruised my eye area, and knocked my eye glasses, the lens flew out slid across the floor. At this point I yelled three times my glasses my glasses. The two D/O did not respond, that it acknowledge my glasses were on the floor or anything. The just kept pushing me down the hall. My weight at the time was about 228 lb. I went wheels-up into a "gondy" crouch folded legs in a leg over leg fashion. The guard on my left went ballistic. He yelled get up and started kicking me in my left rib cage. By the third kick I un-wound my legs. He tripped over my now extended legs. A third guard seeing the trouble the first two guards were having rushed up and for the moment so I could not identify the two D/O who were administering this 'beating to me.'

Compl., p. 3 of narrative attachment. As a result of this altercation, Plaintiff suffered a fractured rib. Plaintiff also claims the loss of certain items of property as a result of the cell search, or "raid."

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

On Plaintiff's claim of excessive force, Plaintiff states a claim for relief as to Defendant Smallwood, as he alleges that the 'beating" occurred at his direction. As to the unidentified

detention officers, the court can not order service of process up un-named defendants. Plaintiff must identify the individual officers involved.

As to Sergeant Sallee, liability may be imposed on supervisory defendants (such as Sallee) under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege any facts indicating that defendant Sallee participated in, or knew of and failed to prevent, the alleged wrongs.

As to any claim regarding loss of property, because California has an adequate post-deprivation remedy, Plaintiff has no cognizable claim under § 1983 for the negligent or intentional deprivation of his property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994).

The complaint states a claim for relief as to Defendant Smallwood. As to the remaining defendants, Plaintiff has failed to state a claim for relief. The court will provide Plaintiff with an opportunity to file a first amended complaint. Should Plaintiff fail to do so, the court will direct service of process of the original complaint on Defendant Smallwood on Plaintiff's claim of excessive force, and recommend dismissal of the remaining claims and defendants.

If Plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:   July 17, 2006**  
mmkd34

          /s/  **William M. Wunderlich**  
UNITED STATES MAGISTRATE JUDGE

4