IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD P. BOUSHELL,

        Plaintiff,         CV F 05 0727 OWW WMW PC

    vs.                   FINDINGS AND RECOMMENDATIONS
                             RE MOTION TO DISMISS (DOC 25)

SGT. SMALLWOOD,

        Defendant.

       Plaintiff is a former Kern County Jail inmate proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Defendant Smallwood's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).

       The operative pleading in this case is the August 2, 2006, first amended complaint.  The event that gives rise to this complaint is a "raid" that occurred at the Kern County Detention Facility, A Pod, on April 9, 2005.  Plaintiff alleges that the raid was conducted by eleven Detention Officers.   Plaintiff alleges that the Detention Officers were "destroying everything they could touch." (Am. Compl. 2:28).  Plaintiff also alleges that the Detention Officers used hand signals to indicate to each other, regarding Plaintiff, to "fuck-him-up."  Id., 3:8.

       Plaintiff specifically alleges the following:

> Two youn D/O's immediately put double wristlocks on me.  They pushed and shoved me out the door into the BIRD-CAGE-AREA and then the door slammed closed.  At this point, it was over.  I submitted to them by allowing them to place handcuffs on me behind my back.  The two yound D/O's were not very big, 150 and 165 lbs. respectively.  Leaving the  BIRD-CAGE-AREA with one D/O on each arm, we seemed to be going awfully fast exiting and down the hall I could hardly keep up.  My slippers were falling off.  As I looked down the hallway, I saw why they were going so fast.  The fire doors were closed.  The fire doors have a stainless steel push handle in the middle about 36" off the floor.  The D/O to my right was about 165 lbs; the one on my left was about 150 lbs.  Sure enough, they rammed me head first through the closed fire doors.  This action did two things.  1) The handle on the door cut and bruised my right eye area to the bone.  2). The handle also knocked off my eyeglasses; both lenses flew out and I heard them skidding across the floor.
>
> At this point, I yelled three times "my glasses, my glasses, my glasses."  The two D/Os did not respond.  That is they didn't acknowledge my glasses were on the floor or anything.  They just kept pushing me down the hall.  My weight at that time was about 238 lbs.  At this point, I went "wheels-up" into a GHANDI crouch and folded my legs in a leg over leg fashion.  The D/O on my left went ballistic.  He yelled "get up," and started kicking me in my left rib cage.  By the third kick I un-wound my legs.  He tripped over my now extended legs.  A third D/O seeing the trouble the first two guard were having rushed up with pepper spray and subsequently sprayed it into my eyes.  Thus, preventing me from visually experiencing any other details of this continued assault.

<u>Id</u>. 3:9-4:9.

Plaintiff's sole allegation as to Defendant Smallwood is that he directed the conduct at issue.  Plaintiff has not identified any of the Detention Officer defendants, and they have not been served.   The motion to dismiss that is before the court is brought by Defendant Sergeant Smallwood.

Sergeant Smallwood moves for dismissal on the ground that Plaintiff has failed to allege facts sufficient to state a claim for relief.  Specifically, Sergeant Smallwood argues that there are no allegations that he personally participated in the deprivation at issue.   Defendant Smallwood also filed a pleading titled as a Reply Re: Non-opposition to Motion to Dismiss.

Local Rule 78-230(m) provides that the failure to oppose a motion "may be deemed a

1  waiver of any opposition to the granting of the motion..." The court will deem plaintiff's failure
2  to oppose defendant's motion to dismiss a waiver, and recommend that the motion be granted on
3  that basis.

4      Failure to follow a district court's local rules is a proper grounds for dismissal. U.S. v.
5  Warren, 601 F.2d 471, 474 (9th Cir. 1979). Thus, a court may dismiss an action for plaintiff's
6  failure to oppose a motion to dismiss, where the applicable local rule determines that failure to
7  oppose a motion will be deemed a waiver of opposition. See Ghazali v.Moran, 46 F.3d 52 (9th
8  Cir. 1995), cert. denied 116 S.Ct. 119 (1995) (dismissal upheld even where plaintiff contends he
9  did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to F.R.C.P. 5(b),
10 and time to file opposition); cf. Marshall v. Gates, No. 93-5022, slip op. 99, 105-06 (9th Cir. Jan.
11 4, 1995); Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for
12 summary judgment cannot be granted simply as a sanction for a local rules violation, without an
13 appropriate exercise of discretion).

14     Plaintiff has not filed an opposition to the motion. On November 6, 2007, Plaintiff filed a
15 single page document titled as a "Motion to go to trial." Plaintiff requests the court to proceed
16 to trial and "dismiss the motion to dismiss." Plaintiff's document does not address any of
17 Defendant's arguments.  Plaintiff does not opposes Defendant Smallwood's argument that he
18 fails to allege facts sufficient to hold Sergeant Smallwood liable.

19     Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss be
20 granted, and this action be dismissed for Plaintiff's failure to oppose Defendant's motion to
21 dismiss.

22     These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties. Such a document should be captioned
26

3

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.   The parties are advised
3  that failure to file objections within the specified time waives all objections to the judge's
4  findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.
6  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

       IT IS SO ORDERED.

**Dated:    April 28, 2008**              /s/  **William M. Wunderlich**
                                   UNITED STATES MAGISTRATE JUDGE